IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **QUINTEN JONES** § | | CIVIL ACTION # ___6:21-1544___ |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | |
| § | | |
| **VICTORY VILLAGE APARTMENTS, ET AL.** § | | |
| § | | **JURY TRIAL DEMANDED** |
| § | | |
| **Defendants** § | | |
| § | | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes and appears, Quenten Jones, a person of full age of majority, domiciled and Lafayette Parish, State of Louisiana, who respectfully files this Complaint for Damages and who respectfully alleges as follows:

### I.
### THE PARTIES

1. Plaintiff Quenten Jones, a person of full age of majority, a resident and domiciliary of the State of Louisiana;

2. Defendant Victory Village Apartments, upon information and belief a federally subsidized equal housing opportunity facility, located at 102 Van Buren Drive Lafayette Louisiana 70507, who is liable jointly, severally, and in solido unto the Plaintiff with the following Defendant;

3. Alvin Rice Stewart, operating under the alias Alvin Rice, a person of full age of majority,

a resident and domiciliary of the State of Louisiana, residing at 102 Van Buren Drive Lafayette Louisiana 70507, Unit 256K.

4. XYZ Unknown Insurance Company, a foreign or domestic insurance company who provides insurance coverage for acts causing damage herein.

## II.

## JURISDICTION AND VENUE

5. This in an action for damages under Title 35 United States Code and the Louisiana Statutes Annotated.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1367.

7. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because Defendant, Victory Village Apartments operates its business within the jurisdiction of this Court, is a business within this jurisdiction with the capacity to sue and be sued in its common name under Louisiana law, and has and continues to engaged in acts in violation of Federal and Louisiana State Law. Furthermore, tortious acts have occurred within this district.

8. A Defendant, whether or not incorporated, shall be deemed to reside, in any judicial district in which such defendant is subject to suit.

## III.

## FACTS AND BACKGROUND

9. Upon information and belief, Defendant, Alvin Rice Stewart, was convicted in the County of Galveston Texas in Case Number CR-X36754 for Felony Sexual Assault Rape of a Juvenile on or about October 6th, 1980, receiving a sentence of 10 years probation, and revoked

on or about January 8, 1988 and sentenced to two years on August 18, 1989.

10. Upon information and belief, aforesaid convictions resulted in a lifetime requirement that Defendant Alvin Rice Stewart register as a sex offender in the State of Texas and in the state of any change of residence.

11. Upon information and belief, Defendant Alvin Rice Stewart has resided within the State of Louisiana since as early as the year 2000 and has not registered with Louisiana State Police sex offender registry.

12. Plaintiff avers that, at all pertinent times herein, Defendant Victory Village Apartments, rents unit 256K of Victory Village Apartments to Defendant Alvin Rice Stewart as section 8 low income housing assistance under title 42 of the United States code.

13. Upon information and belief, Defendant Victory Village Apartments, is federally subsidized and subject to the regulations of the United States Department of Housing and Urban Development, which authorizes public housing projects to obtain criminal history records prior to admission of tenants, more particularly pursuant to 42 USC section 13663 and 24 CFR section 5.856, which prohibits admitting persons who are subject to a lifetime registration requirement under a state sex offender registration program.

14. Upon information and belief, Defendant Victory Village Apartments had actual and constructive knowledge, and knew or should have known, of Defendant Alvin Rice Stewart's prior convictions and necessity for lifetime registration with the state sex offender registries in Louisiana and Texas, where Defendant Alvin Rice Stewart had previously resided.

15. Plaintiff avers, that on or about June 4th, 2020, he notified Defendant Victory Village Apartments of suspicious activity from Defendant Alvin Rice Stewart, specifically, Defendant Stewart approaching Plaintiff's minor daughter repeatedly and seeking her to accompany him to

a secluded location. Upon information and belief, upon being notified by Plaintiff, that same day Defendant Victory Village Apartments negligently notified Defendant Alvin Rice Stewart of Plaintiff's complaint, specifically identifying Plaintiff by name as the complainant.

16. Upon information and belief, on or about June 5th, 2020, Defendant Alvin Rice Stewart notified another tenant of Victory Village Apartments, one 'Cassius Jones', of his intent to kill Plaintiff due to the complaint filed against him.

17. Plaintiff avers that on or about June 5th, 2020, a confrontation arose between Plaintiff and Defendant Alvin Rice Stewart wherein Plaintiff asked Defendant Stewart to move his vehicle parked in the wrong parking space, wherein Defendant Alvin Rice Stewart withdrew a knife and proceeded to attack Plaintiff, succeeding in stabbing Plaintiff three times, once in the left arm/torso shoulder area, the lower back, and the upper left breast area.

18. Upon information and belief, the Lafayette Police Department was called regarding the incident and Defended Alvin Rice Stewart was taken into custody.

IV.

## CAUSES OF ACTION

19. All preceding paragraphs are included by reference as if fully set forth herein.

20. The Defendant Victory Village Apartments, in violation of 42 USC § 13663 and 24 CFR § 5.856, failed to conduct a criminal background check which would have resulted in the discovery of the convictions of defendant Alvin Rice Stewart and the requirement of him to register as a state sex offender.

21. In the alternative, Defendant Victory Village Apartments, in violation of 42 USC § 13663 and 24 CFR § 5.856 conducted a criminal background check of Defendant Alvin Rice Stewart

and, in violation of 42 USC section 13663 and 24 CFR section 5.856, rented Victory Village Apartment Unit 256k to Defendant, Alvin Rice Stewart, with full knowledge of the lifetime requirement of his necessity to register the state's sex offender.

22. Plaintiff further alleges Defendant Victory Village Apartments, failed to notify and warn residents of Victory Village Apartments of the rental of a unit to a convicted sex offender in violation of Federal and Louisiana State Law.

23. Plaintiff avers that, following the aforesaid June 5, 2020 attack, Defendant Victory Village Apartments with actual and constructive knowledge of Defendant, Alvin Rice Stewart's criminal activity, continued to rent unit 256K of Victory Village Apartments to Defendant, Alvin Rice Stewart and failed to terminate the tenancy of Defendant, Alvin Rice Stewart due to his threat to the health and safety of other tenants of Victory Village Apartments in violation of Federal and Louisiana State Law.

24. Plaintiff suffered further damages under Louisiana State Law pursuant to Louisiana Civil Code Article 2315, and any other applicable statute regarding Defendant Victory Village Apartments' negligence, as a result of Defendant Victory Village Apartments' failure to warn or notify residents of the leasing of a unit to a convicted sex offender, negligent notification of Defendant Alvin Rice Stewart of Plaintiffs complaint against him, and failure to take remedial action and terminate Defendant Alvin Rice Stewart's tenancy after be June 5th 2020 attack.

25. Plaintiff suffered damages under Louisiana State Law pursuant to Louisiana Civil Code Article 2315, and any other applicable statute regarding Defendant, Alvin Rice Stewart's attack and injury of Plaintiff on January 5th 2020.

26. Plaintiff avers that additional claims exist under the Federal Tort Claims Act, 28 USC § 2401 et seq., against the United States and the Department Of Housing And Urban Development, which pursuant to the act carry the jurisdictional prerequisite requiring the necessity of filing an administrative claim with the Department Of Housing And Urban Development and possible resolution prior to the filing of claims against the United States and the Department Of Housing And Urban Development. Said administrative claim filed contemporaneously herewith.

## V.

### ATTORNEY'S FEES

27. Plaintiff seeks his reasonable costs and attorney's fees from Defendants pursuant to 42 U.S.C. § 1437z-1.

## VI.

### DEMAND FOR A JURY

28. Total hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

## VII.

### PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff, Quinton Jones respectfully requests judgment from this Court prays the Defendants, Alvin Rice Stewart and Victory Village Apartments, be served with a copy of this complaint, and be duly cited to appear and answer same and after all do proceedings there be judgment here in in his favor and against Defendants, Alvin Rice Stewart and Victory Village Apartments, for all reasonable damages including, but not limited to applicable penalties, attorneys fees, and all legal and equitable relief.

Dated: June 4, 2021

Respectfully submitted,

*/s/ Chase A. Manuel*

Evan T. Edwards (#35117)
Chase A. Manuel (#35223)
**Brazee & Edwards Law Firm, LLC**
2901 Johnston Street, Suite 206
Lafayette, LA 70503
337-237-0492
Attorneys for *Quinton Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of June, 2021, a true and correct copy of the foregoing Complaint was served on Defendants via facsimile and/or first class mail and/or certified mail as indicated below.

*/s/ Chase A. Manuel*

Chase A. Manuel

# VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

On this day, appeared before me, the undersigned notary public, Quinten Jones, an individual of full age of majority, and after I administered an oath to him, upon his oath, he acknowledged that he read the complaint, and the facts stated in it are within his personal knowledge and are true and correct.

_____
Quinten Jones

Sworn to and subscribed before me on this 4 day of June, 2021.

_____
Notary Public

CHASE A. MANUEL
Notary Public
State of Louisiana
Lafayette Parish
Notary ID # 136493
My Commission is for Life