UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **QUINTEN JONES** | **CASE NO.  6:21-CV-01544** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **VICTORY VILLAGE APARTMENTS** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss for Lack of Prosecution. (Rec. Doc. 24). Plaintiff did not file an opposition. The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Defendant's Motion be granted.

## Factual Background

Plaintiff, through counsel filed a complaint in June 2021 against Victory Village Apartments and Alvin Rice after Rice allegedly attacked Plaintiff, another

tenant at Victory Village Apartments. (Rec. Doc. 1). The record does not show that Rice has been served.[1]

In February 2022, Plaintiff's counsel, Evan Edwards and Chase Manuel, filed motions to withdraw. (Rec. Doc. 12 and 18). The Court set a hearing on the motions to withdraw and ordered that Plaintiff participate in the hearing. (Rec. Doc. 13 and 15). Plaintiff was notified of the order to participate by certified mail, receipt of which was confirmed. (Rec. Doc. 17; 19). Yet, Plaintiff did not participate in the March 7, 2022 telephone hearing. (Rec. Doc. 20). The Court allowed Edwards and Manuel to withdraw and ordered Plaintiff to enroll new counsel or advise the Court that he would proceed pro se within thirty days. (Rec. Doc. 21).

When Plaintiff did not enroll new counsel or otherwise contact the Court as ordered, the Court issued a rule to show order for Plaintiff to appear by telephone on April 25, 2022. (Rec. Doc. 22). In the meantime, Defendant filed the Motion to Dismiss for Lack of Prosecution at issue. Plaintiff did not file any response to the motion. The Court conducted the telephone rule to show cause hearing, but Plaintiff did not participate as ordered. (Rec. Doc. 28).

---

[1]   Although Plaintiff's initial counsel requested a reissuance of summons for Rice, the record does not contain proof of service of the summons.

## Law and Analysis

A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed.R.Civ.P. 41(b). "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992).

A dismissal without prejudice, where the statute of limitations is not implicated, does not prejudice the plaintiff. However, a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations would bar refiling of the action. In the latter instance, the court must find that the plaintiff's "failure to comply with the court order was the result of purposeful delay or contumaciousness," and the court should employ "lesser sanctions before dismissing the action." *Berry, supra*; *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Raymond v. Univ. of Houston*, 275 F. App'x 448, 449–50 (5th Cir. 2008).

Plaintiff asserts claims against Victory Village under 42 U.S.C. §13663 and 24 CFR §5.856 as well as claims of negligence arising out of Rice's alleged June 5, 2020 attack. The Court appreciates no private cause of action available to Plaintiff under §13663. Otherwise, his negligence claims are subject to Louisiana's one-year prescriptive period for delictual actions. See *Elzy v. Roberson*, 868 F.2d 793, 795 (5th Cir. 1989). In Louisiana, prescription is interrupted by the filing of a suit in a

court of competent jurisdiction and venue. La. C.C. art. 3492; 3462. Once prescription is interrupted, the prescriptive period commences anew from the last date of interruption. La. C.C. art. 3466. If an action is dismissed without prejudice, the plaintiff has the full prescriptive period within which to bring the action. *Gonzalez v. Seal*, 677 F. App'x 918, 922 (5th Cir. 2017), citing La. C.C. art. 3463, cmt. (b) (citing *Hebert v. Cournoyer Oldsmobile–Cadillac–G.M.C., Inc.*, 405 So.2d 359, 360 (La.App. 4th Cir. 1981)). Thus, since the Court recommends that this action be dismissed without prejudice, prescription will not preclude Plaintiff from refiling the suit after dismissal. In any event, the Court finds that Plaintiff's failure to comply with orders to contact the Court and appear has been contumacious.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Defendant's Motion to Dismiss for Lack of Prosecution (Rec. Doc. 24) be GRANTED and that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of May, 2022.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**